# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Sompo Japan Nipponkoa,<br>Insurance, Inc., | Case No. 2:20-cv-6287 |
| Plaintiff,<br>v. | Judge Graham<br><br>Magistrate Judge Vascura |
| Savage Services Corporation, and<br>Savage Industrial Rail Services, Inc., | |
| Defendants. | |
| CSX Transportation, Inc., | |
| Cross-Plaintiff, | |
| v. | |
| Savage Industrial Rail Services, Inc., | |
| Cross-Defendant. | |

<u>Opinion and Order</u>

This action arises out of a train accident that occurred on a railway line in Marysville, Ohio on February 9, 2016. The accident involved shipping containers containing Honda Motor Company automobile parts and resulted in a loss of more than $4 million. Honda, which operates an automobile manufacturing facility in Marysville, was reimbursed by its insurer, plaintiff Sompo Japan Nipponkoa Insurance, Inc.

Sompo in turn filed suit as a subrogee against CSX Transportation, Inc., the common carrier of the Honda shipment, and Savage Services Corporation and Savage Industrial Rail Services, Inc. (the "Savage Defendants"), which operated the rail switches on the lines where the accident occurred. Sompo asserted a cause of action under the Carmack Amendment, 49 U.S.C. § 11706, against CSX. Against the Savage Defendants, Sompo asserted a common law claim of negligence.

This matter is before the Court on the Savage Defendants' motion to dismiss the negligence claim as time-barred. *See* Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the motion to dismiss is granted.

1

**I.     Background**

In January 2016, Honda arranged for thirty containers of automobile parts to be shipped from Japan for use in new vehicle assembly in Marysville. The containers traveled by ship from Tokyo to Tacoma, Washington. From there CSX took the containers for rail shipment to Marysville. The containers made it nearly the entire journey until a collision took place in Marysville at a manufacturing facility owned by the Scotts Miracle-Gro Company.

According to the complaint, Scotts hired the Savage Defendants to move rail cars in and out of the Scotts facility. This work involved switching cars from the main line owned and operated by CSX to adjoining lines, or "sidings," associated with the Scotts facility.

On the morning of February 9, 2016, the CSX train carrying the Honda shipment approached the Scotts facility. According to the complaint, a switch had been improperly left in an "open" or "unlocked" position by an employee of the Savage Defendants. The open switch allegedly caused the train to be diverted onto a siding, where it collided with unattended rail cars parked at Scotts.

The complaint alleges that the collision caused some of the rail cars carrying the Honda containers to derail and overturn. The resulting damage to Honda totaled over $4,275,000. Sompo reimbursed Honda and became subrogated to pursue Honda's rights against third parties.

On October 8, 2019, Sompo filed suit against CSX and the Savage Defendants in the United States District Court for the Middle District of Florida. CSX filed crossclaims for implied indemnity and negligence against the Savage Defendants. CSX later voluntarily dismissed its crossclaims against Savage Services Corporation, but its crossclaims against Savage Industrial Rail Services ("SIRS") remain.

In December 2020, the U.S. District Court for the Middle District of Florida severed the claim and crossclaims against the Savage Defendants and transferred them to this Court. It did so because it found that it lacked personal jurisdiction over the Savage Defendants and that Ohio would be a convenient forum under 28 U.S.C. § 1404 where the negligence claim and the crossclaims could have been brought. The Florida Court severed the claims upon concluding that the Carmack Amendment claim against CSX had to remain in Florida because applicable law required the enforcement of the forum selection clause (choosing Florida) contained in CSX's contract with Honda.

The Florida Court expressed its intention to lessen the risk of inefficiency in having two separate suits by implementing appropriate procedural mechanisms and coordinated discovery. Certainly, this Court intends to assist the Florida Court in achieving that goal.

Pending now before this Court is the Savage Defendants' motion to dismiss Sampo's negligence claim against them under Rule 12(b)(6). The motion was a discrete part of a broader motion filed originally in the Florida Court in which the Savage Defendants argued, among other things, that the Florida Court lacked subject matter jurisdiction over them. The Florida Court did not reach the Rule 12(b)(6) portion of the motion, and it is now ripe for consideration before this Court.

## II. Standard of Review

When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Iqbal*, 556 U.S. at 679; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Twombly*, 550 U.S. at 555-56.

The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555, 557. The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Though "[s]pecific facts are not necessary," *Erickson*, 551 U.S. at 93, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-56.

## III. Discussion

The Savage Defendants' argument for why the negligence claim must be dismissed is straightforward: Sompo's claim is time-barred because it did not file suit regarding the February 2016 accident until October 2019, well beyond the two-year statute of limitations under Ohio law. *See* Ohio Rev. Code § 2305.10(A).

3

Sompo does not disagree that its negligence claim is time-barred if Ohio law applies. Sompo's only argument is that it is too early for the Court to determine which jurisdiction's limitations period should apply. Sompo contends that many variables will affect the choice-of-law analysis, including consideration of the parties' places of business and contractual choices of law.

Ohio has adopted the Restatement (Second) of Conflict of Laws in making choice-of-law determinations in tort actions. *See Morgan v. Biro Mfg. Co., Inc.*, 15 Ohio St.3d 339, 341–42, 474 N.E.2d 286, 288–89 (Ohio 1984). The "law of the place of injury controls unless another jurisdiction has a more significant relationship to the lawsuit." *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943 (6th Cir. 2011) (citing *Morgan*, 15 Ohio St.3d at 342, 474 N.E.2d at 289); Restatement (Second) of Conflict of Laws, § 146.

Other factors that may be considered are: the place where the conduct causing the injury occurred; the residence, place of incorporation and place of business of the parties; and the place where the relationship, if any, between the parties is centered. Restatement (Second) of Conflict of Laws, § 145(2); *see also In re Nat'l Century Fin. Enterprises, Inc., Inv. Litig.*, 905 F. Supp. 2d 814, 833 (S.D. Ohio 2012), *aff'd sub nom. Pharos Cap. Partners, L.P. v. Deloitte & Touche*, 535 Fed. App'x 522 (6th Cir. 2013).

Here, it is undisputed that the place of injury is Ohio. The damaged automobile parts were intended for use by Honda of America Manufacturing, Inc. at its Marysville facility. The conduct allegedly causing the injury also occurred in Ohio, at the nearby Scotts facility.

The parties' places of business do not point toward any single forum as having a particularly strong relationship with this suit. According to the complaint, Sompo is a Japanese corporation with its principal place of business in Tokyo. Honda Motor Company is a Japanese company with a principal place of busines in Japan, and Honda of America is an Ohio corporation with a principal place of business in Marysville. CSX is a Virginia corporation with its principal place of business in Florida. Savage Service Corporation is a Utah corporation with a principal place of business in Utah, and SIRS is a Delaware corporation with a principal place of business in Utah.

The final factor is the where the place of the relationship, if any, among the parties is centered. There are no allegations of a relationship between either Sompo or Honda with the Savage Defendants. The only connection between the parties is that Honda parts, insured by Sompo, happened to be on the train that derailed because of the alleged negligence of the Savage Defendants.

Sompo argues that it is premature to make a choice of law determination because there may be contractual agreements that exist among the Savage Defendants, Scotts and CSX and that have

4

choice-of-law provisions which should govern. This argument is unavailing. Standing in the shoes of Honda, Sompo is bringing a negligence action and not a breach of contract action. There are no allegations of a contractual relationship between Honda and the Savage Defendants. And Sompo has not attempted to explain how any contracts among the Savage Defendants, Scotts and CSX – contracts to which neither Sompo nor Honda were a party – should control the choice-of-law analysis of its negligence claim.[1]

The Court finds that Ohio is the jurisdiction with the most significant relationship to the negligence claim against the Savage Defendants and thus applies Ohio law. Because Sompo filed suit more than two years after the accident giving rise to the loss to property, its claim is time-barred. Ohio Rev. Code § 2305.10(A).

**IV.   Conclusion**

Accordingly, the Savage Defendants' motion under Rule 12(b)(6) to dismiss Sompo's negligence claim (doc. 43) is GRANTED.

Remaining in this action are CSX's crossclaims for indemnity and negligence against SIRS. The Court has stayed, and will continue to stay, the crossclaims pending determination in the Florida Court of CSX's liability to Sompo. *See* Doc. 73.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: June 18, 2021

---

[1] CSX's crossclaim does not allege that it had a contractual relationship with the Savage Defendants. CSX relies on a theory of implied indemnity and it consented to the transfer of its crossclaims to Ohio.